NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 09-2552 & 09-2702

_____

INTERSTATE REALTY CO., L.L.C.,

Appellant in No. 09-2552

vs.

SEARS ROEBUCK & COMPANY,

Appellant in No. 09-2702

_____

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. No. 2-06-cv-05997  )
District Judge:  Honorable Dickinson R. Debevoise

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 22, 2010
Before:  SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges.
(Filed:  March 30, 2010)

_____

OPINION

_____

WEIS, Circuit Judge.

In this case, the parties dispute the interpretation of an exclusivity provision

in a lease granted to Sears Roebuck & Co. by Interstate Realty Company, the owners of

1

the Cedar Knolls Plaza shopping mall. Interstate claims that it was unable to lease space in the mall to a prospective tenant as a result of that disagreement.

Interstate filed a complaint seeking damages from Sears, alleging tortious interference with prospective economic advantage and contractual rights, as well as breach of contract. In addition, Interstate asked for a declaratory judgment. Ruling on Sears' motion for summary judgment, the District Court granted declaratory relief to Interstate but dismissed its other claims with prejudice. After thorough consideration of both parties' appeals, we will affirm the District Court's order in its entirety.

The lease, which the parties executed in 1996, stated that the "[p]remises may be used by [Sears] for the sale, servicing and storing of merchandise, [and] all other items or services normally sold in Sears Hardware Stores." Interstate also acceded to Sears' request for a restrictive covenant, entitled "Exclusive Use." This limitation provided that, with certain exceptions, Interstate would not lease to a tenant that would use the premises "for the sale of certain items or services which would normally be sold in a 'Sears Hardware Store[ ]' . . . including, without limitation, the sale of hardware materials, tools and supplies, paint, plants, and power and non-power lawn and garden equipment, tools and supplies."

In 2004, as part of a national program, Sears' Cedar Knolls location was converted into a "Sears Appliance and Hardware" store. By February 2006, the store was selling washers, dryers, refrigerators, dishwashers, and other household appliances and

2

fixtures.

After negotiating with Interstate for some months, prospective tenant Karl's Sales and Service Company, LLC, asked Interstate to furnish a letter from Sears acknowledging that Karl's could sell washers, dryers, refrigerators, and similar items at Cedar Knolls notwithstanding the exclusivity provision. Interstate notified Sears of the pending negotiations by letter dated February 1, 2006, and requested Sears' consent to Karl's sales of appliances. Sears declined, and, after additional negotiations were unsuccessful, Karl's acquired space in another location. Throughout this process, Interstate controlled the flow of information between Sears and Karl's.

In granting the declaratory judgment requested by Interstate, the District Court held that, under the terms of the lease, Sears could change the name of the store and the merchandise sold. However, no right existed to expand the scope of the exclusivity clause. We agree that the plain meaning of the Exclusive Use clause limits its application to items typically sold in "Sears Hardware Stores." Because Sears has failed to "provide[ ] a reasonable alternative reading of the contract under which [Interstate] would not be entitled to" declaratory judgment on this point, such relief was properly granted.[1] Arnold

---

[1] That this relief was entered sua sponte does not alter our conclusion. Both parties had ample opportunity to argue the breadth and scope of the Exclusive Use provision, the interpretation of which was central to the declaratory judgment ruling. See Bruesewitz v. Wyeth Inc., 561 F.3d 233, 241 n.6 (3d Cir. 2009) (fact that court granted summary judgment sua sponte did not require remand where parties "were on notice that the District Court may have been considering [grounds for summary judgment not requested by parties] at that time and . . . had an opportunity to respond on this issue").

M. Diamond, Inc. v. Gulf Coast Trailing Co., 180 F.3d 518, 521-22 (3d Cir. 1999) (setting forth standard of review in cases involving summary judgment on issue of contract interpretation).

With respect to the tortious interference claims, the District Court concluded that, because Sears had not acted with malice, Interstate failed to demonstrate a genuine issue of material fact. We agree. See Lamorte Burns & Co., Inc. v. Walters, 770 A.2d 1158, 1170 (N.J. 2001) (to succeed on claim of tortious interference with prospective economic advantage, plaintiff must show malice, i.e., "that harm was inflicted intentionally and without justification or excuse"); see also Dello Russo v. Nagel, 817 A.2d 426, 434 (N.J. Super. Ct. App. Div. 2003) (same showing required for tortious interference with contractual relations claim).

Interstate never communicated to Sears that Karl's was willing to explore various compromises regarding the exclusivity clause, nor did it share Sears' proposed resolutions with Karl's. Sears, for its part, discussed internally the reach of the Exclusive Use provision before responding to Interstate. In these circumstances, Sears' conduct cannot be deemed "both injurious and transgressive of generally accepted standards of common morality or of law." Lamorte Burns, 770 A.2d at 1170-71 (quotation marks and citation omitted).

For similar reasons, the District Court found no genuine fact issue as to Sears' alleged breach of the implied covenant of good faith and fair dealing. Our review

4

of the record leads us to the same conclusion. For the reasons set forth in the preceding paragraph, Sears' conduct gives no suggestion of "bad motive or intention," proof of which "is vital to an action for breach of the covenant." Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs., 864 A.2d 387, 396 (N.J. 2005) (quotation marks and citation omitted).

We commend the District Court's comprehensive and painstaking analysis in this matter. Finding no reversible error, we will affirm the Order of the District Court.